CARMEN ALARCÓN-SUÁREZ, MANUEL MENDÍA-MORALES, OLIMPIA and MARÍA JARQUE-FERRERO and AGUSTÍN PEÑA-PACHECO, Appellants, v. REGISTRAR OF SAN JUAN, Respondent.

No. 627. Submitted January 22, 1926.—Decided February 9, 1926.

*Francisco Socorro* for the appellants. The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Carmen Alarcón and others recovered in the District Court of San Juan a judgment accrediting the possession of house No. 51 San Justo Street, San Juan, and ordering the cancellation of a contradictory record of title to the same property existing in the registry. The registrar refused to record the judgment of the court because he was of the opinion that the proceeding for the cancellation had not been prosecuted according to law. From his decision an appeal was taken to this court.

In order to give an exact idea of the case it is well to copy the following from the court's judgment:

"WHEREAS, on November 12th of this year the court ordered a hearing in the possessory title proceeding brought by the petitioners, to which should be summoned the district attorney, the owners of adjoining properties and also Antonio María de la Huerta and Mercedes Escalona Escalera, or their unknown heirs designated as Richard Goe and John Doe, by notice to be published in a newspaper of general circulation of this Island once a week for thirty days, the corresponding writs and notices to be issued to that effect.

"WHEREAS, as appears from the return to the summons issued by the clerk of this court on November 30th the owners of the adjoining properties, Patricio Blasco, Carlota García and Salvadora Coy, as well as the Mayor of the Municipality of San Juan, were personally served with summons for the hearing.

"WHEREAS, it appears from affidavit No. 2224 dated the third of this month and signed by notary Miguel García González that the notice summoning Antonio María de la Huerta and Mercedes Escalona Escalera, or their unknown heirs designated as Richard Goe and John Doe, was published in the newspaper *El Imparcial* in this city of San Juan, on the thirteenth, sixteenth, twenty-third and thirtieth of November of the current year.

"WHEREAS, after having been set in the special docket for civil cases, the hearing in this case was held on the eighteenth of the instant month, only the attorney for the petitioners appearing, at which hearing, after being lawfully sworn witnesses Francisco Mendía and Francisco Alamo Armas, both residents of this city, testified that they were owners of real property, exhibiting receipts from the Treasury Department of this Island showing that they had paid the taxes on their properties situated in this city, and that of their own knowledge they were aware of the fact that since the year 1914 the petitioners in this case have held possession as owners, publicly, peacefully and uninterruptedly of the property involved in these proceedings.

"WHEREAS, from the documentary evidence offered by the petitioners it appears that the real property claimed in these proceedings was recorded as a one-story house in the registry of property on May 18, 1889, on page ninety-eight of volume twenty-seven of San Juan, property number 1012, first entry, in favor of Antonio María de la Huerta by virtue of a public deed executed in San Juan on March 28, 1870, which record is still in force as shown by a certificate introduced in evidence issued on the sixteenth of the current month of December by the Registrar of Property of San Juan, First Section; that Mercedes de la Huerta Escalona and An-

tonio José de la Huerta González, by deed number 604 executed in Valladolid, Spain, on October 30, 1908, conveyed the described property as a one-story house to Anacleto Agudo, the grantors having acquired it by gift from Mercedes Escalona Escalera when she was the widow of Antonio María de la Huerta, by deed of February 5, 1908, executed in Valladolid, Spain, before notary Luis Ruiz de Huidobre García de los Ríos; that Anacleto Agudo, by deed of May 25, 1909, executed in this city before notary Damián Monserrat, conveyed the said property to Joaquín Jarque Lasso; that Lasso died on January 11, 1914, and by deed No. 29 of November 30, 1923, executed in this city before notary Pedro G. Quiñones for the partition of the property left by the said Jarque Lasso, the property referred to in this proceeding was awarded to the petitioners in payment of their respective shares, in the proportion above stated; that the said petitioners, as heirs of Joaquín Jarque Lasso, are paying to the Insular Treasury the taxes levied on said property, as appears from the certificate introduced in evidence issued by the Treasurer of Porto Rico on November 16th of the current year.

"WHEREAS, no opposition has been filed against the petition or appearance entered by Antonio María de la Huerta, Mercedes Escalona Escalera, or their unknown heirs designated as Richard Goe and John Doe, notwithstanding their having been lawfully served with summons by publication, their residence or domicile not being known.

"WHEREAS, The proceedings with the stenographic record were referred to the district attorney, who reports that he does not oppose the approval of the proceeding.

"WHEREAS, all legal formalities have been followed in this possessory title proceeding.

"THEREFORE, after examining sections 390, 391, 392, as amended by Act No. 20 of July 7, 1923, and 393 of the Mortgage Law in consonance with sections 436 to 441 of the Regulations, the jurisprudence established by the Supreme Court of this Island in the cases of Porto Rico Leaf Tobacco Co. v. Registrar, 17 P.R.R. 215; Toro v. Registrar, 25 P.R.R. 438; Wiscovich v. Registrar, 30 P.R.R. 122; López Nazario v. Registrar, 34 P.R.R. 29, and the Decisions of the Directorate of Registries of Spain of June 5, 1893, and October 16, 1886, the Court approves the proceeding for the purposes prescribed by law and decrees and orders the cancellation of record number 1012 entered on May 18, 1889, in the registry of property at page ninety-eight of volume twenty-seven of the Municipality of San Juan in favor of Antonio María de la Huerta, the first record of the property as above stated, and orders and decrees, in consequence thereof, that

the possession of the property described at the beginning of this order be recorded in the Registry of Property of San Juan, First Section, in favor of Carmen Alarcón Suárez, Manuel Mendía Morales, Olimpia Jarque Ferrero, Agustín Peña Pacheco, and María Jarque Ferrero in the proportion before stated, without prejudice to third parties with better rights to the property, for all of which the said registrar of property shall be given the corresponding certified copy of this order to serve as a mandate in form.''

The foregoing facts show that the case falls clearly within the rules established in the case of *Wiscovich* v. *Registrar of San Germán*, 30 P.R.R. 122, as follows:

''When the possession or ownership of a property is recorded in the registry in the name of a person other than the actual owner, who finds it is impossible, difficult or expensive to obtain a written recordable title from such person, the said owner may avail himself of the means supplied by article 390 of the Mortgage Law, and in such a case the proceedings established by article 393 of the Mortgage Law must be followed from the beginning.

*  .  *  *  *  *  *  *

''In the case referred to in article 393 of the Mortage Law, whether the judgment is returned to the court after the registrar has found a contradictory record, or whether the contradiction is established from the beginning, the person in whose name the contradictory record appears should be summoned personally, or, if dead, his heirs. When it can not be ascertained who the heirs are in order to summon them personally, they should be summoned by publication.''

The case of *Canino* v. *Registrar of San Juan*, 31 P.R.R. 413, which the registrar cites in support of his decision, does not sustain his refusal. On the contrary, what was done in the said case was to extend the doctrine established in relation to possessory title proceedings to dominion title proceedings by holding that in a dominion title proceeding the cancellation of a contradictory record may be ordered. The quotation from Morell in the *Canino Case, supra*, at page 418, which is the basis of the registrar's reasoning, is not applicable. Even accepting the distinction which said commentator establishes when the case or the con-

tradictory record is one of possession and when it is one of dominion, it would have to be concluded that in this case it was impossible "to hear" the person in whose favor the record appeared, because the residence of the said person was unknown. According to the law and the jurisprudence the said person, or his heirs, were given an opportunity to be heard through summons by publication.

The decision must be reversed and the cancellation and the record ordered.